IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT H. BOOKER, III,**

        **Plaintiff,**

    **v.**                                **CASE NO. 13-3055-SAC**

**STATE OF KANSAS,**

        **Defendant.**

### O R D E R

This matter comes before the court on a pro se pleading titled as a PETITION FOR REVIEW BY U.S. MAGISTRATE, filed pro se by a prisoner confined in the Sedgwick County Adult Detention Center in Wichita, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff alleges constitutional violations of Kansas statutes and his federal constitutional rights in the criminal proceeding pending against him in the Sedgwick County District Court. The State of Kansas is named as the sole defendant. Plaintiff seeks federal review of that ongoing state court proceeding, and this court's intervention to protect his constitutional right to a fundamentally fair and speedy trial.

*Filing Fee Requirement, 28 U.S.C. § 1914 OR 28 U.S.C. § 1915*

To proceed in federal court, plaintiff must either pay the district court filing fee required by 28 U.S.C. § 1914(a), or must seek and be granted leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee. The record discloses that plaintiff has submitted neither the statutory

filing fee nor a motion for in forma pauperis status. The court grants plaintiff a limited time to satisfy one of these statutory requirements. The failure to do so in a timely manner may result in the complaint being dismissed for failure to prosecute, and without further prior notice.

*Screening of the Complaint, 28 U.S.C. § 1915A*

Because plaintiff is a prisoner, the court must screen his complaint and must dismiss it, or any portion of it, that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)-(b); 28 U.S.C. § 1915(e)(2)(B).

The court must give plaintiff's pro se pleading a liberal construction and must apply "less stringent standards than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89,.94 (2007). However, plaintiff may not rely upon conclusory allegations, and his "factual allegations must be enough to raise a right to relief about the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citation omitted).

Having reviewed plaintiff's pro se petition, the court finds plaintiff's citation to 28 U.S.C. § 636 is insufficient to establish this court's jurisdiction. Plaintiff is presently subject to the jurisdiction of the state district court in a state criminal proceeding. To the extent plaintiff seeks relief in federal court on allegations of constitutional error in a pending state criminal proceeding, plaintiff must proceed in habeas corpus under 28 U.S.C. § 2241 after first exhausting available state court remedies. *See Walck v. Edmondson*, 472 F.3d 1227 (10th Cir.2007)(§ 2241 is proper

avenue for challenging pretrial detention); *Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir.1993)(pretrial habeas petitioner alleging a violation of his speedy trial rights must first satisfy the exhaustion requirement applicable to actions brought pursuant to 28 U.S.C. § 2241). Accordingly, the court finds this action is subject to being liberally construed as seeking federal habeas corpus relief.[1]

Because it plainly appears on the face of the record that plaintiff has not used available state court remedies to resolve his claims of error in the criminal proceedings against him, the court finds a habeas action is premature and subject to being summarily dismissed without prejudice.

Additionally, dismissal of this action without prejudice is warranted under the abstention doctrine in *Younger v.* Harris, 401 U.S. 37 (1971), wherein the Supreme Court held that federal courts should generally avoid interference with state criminal prosecutions which were begun before initiation of the federal suit. *Id*. at 43. The *Younger* abstention doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997). While narrow exceptions exist for unusual circumstances involving irreparable injury, with an accompanying demonstration of bad faith or harassment or other unusual circumstances, *see Younger*, 401 U.S. at 53-54, the court finds abstention would be appropriate in this case where plaintiff's state criminal proceeding is ongoing, the state has a legitimate and important interest in prosecuting criminal charges, and the state

---

[1] Plaintiff is advised that the district court filing fee for a habeas corpus action is $5.00, rather than the $350.00 district court filing fee required for a non-habeas civil action.

courts afford an adequate forum to address plaintiff's federal constitutional challenges.

The court thus directs plaintiff to show cause why this action should not be liberally construed as sounding in habeas corpus, and summarily dismissed without prejudice. The failure to file a timely objection may result in the complaint being dismissed without prejudice for the reasons stated herein, and without further prior notice.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to EITHER pay the district court filing fee required by 28 U.S.C. § 1914, OR to submit an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. § 1915.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to file any objection to the court's construction of this matter as a petition for habeas corpus under 28 U.S.C. § 2241, and to the summary dismissal of this action without prejudice.

The clerk's office is to provide plaintiff with a form motion for filing under 28 U.S.C. § 1915.

**IT IS SO ORDERED.**

DATED: This 15th day of May 2013 at Topeka, Kansas.

                                           s/ Sam A. Crow  
                                           SAM A. CROW  
                                           U.S. Senior District Judge